DECISION
Defendants Edward D. DiPrete and Dennis L. DiPrete were indicted for alleged violations of state Racketeer Influenced and Corrupt Organizations (RICO), bribery, extortion, and perjury statutes. The extortion charges (and all RICO charges predicated on extortionate acts) have previously been dismissed by this court. The perjury counts have previously been severed.
Defendant Edward D. DiPrete (the defendant) seeks dismissal of the remaining counts arguing that criminal prosecution subsequent to a State Ethics Commission proceeding involving similar conduct twice places him in jeopardy, a violation of the Fifth Amendment of the United States Constitution. The pending counts of the indictment against the defendant involve charges primarily relating to the alleged use of improper influence and the acceptance of bribes from potential vendors in awarding contracts or leases. Defendant seeks to persuade the court that there are double jeopardy implications from the fact that the Ethics Commission imposed a monetary sanction for conduct which in essence was the same, even though premised on different activity.
The State contends the charges for which the defendant is currently under indictment are separate and distinct from those at issue in the Ethics Commission proceedings. The State further contends that even if the present indictment and Ethics Commission charged the same conduct, the penalty imposed by the Ethics Commission was not criminal in nature and, therefore, the Double Jeopardy Clause is not implicated.
The Double Jeopardy Clause of the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This clause protects against three distinct abuses: (1) a separate prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. United States v.Halper, 490 U.S. 435, 440 (1989). The common thread between these scenarios, and thus the threshold to application of the Double Jeopardy Clause, is that the same offense be charged. One is not placed twice in jeopardy for the same offense if the charges are based on separate acts. State v. Purro, 593 A.2d, 450 (R.I. 1991).
The defendant argues that the civil [Ethics Commission] charges and the criminal charges are essentially the same. This, however, is not the standard by which Double Jeopardy claims are evaluated. For the clause to apply, the underlying act charged must be the same. A review of the conduct charged in the respective proceedings reveals that the underlying conduct charged is separate and distinct.
In 1989, the Ethics Commission received a complaint alleging that the defendant had violated certain provisions of the state Code of Ethics. DiPrete v. Morsilli, 635 A.2d 1155, 1158 (R.I. 1994). The charges against the defendant stemmed from two matters, "one concerning the selection of legal counsel for litigation involving the Jamestown Bridge and the other regarding the selection of an engineering firm for a project at Olney Pond in Lincoln Woods State Park." Id. The Rhode Island Supreme Court affirmed the Ethics Commission's determination concerning the first matter (though it reduced the fine issued) and reversed the Commission's conclusion with respect to the second. Id. at 1164, 1166.
Of the counts remaining in the indictment, not one is premised on the conduct charged in the Ethics Commission proceedings. There is no mention of either the Jamestown Bridge or the Olney Pond projects. Each of the acts alleged in the indictment concerns statutory violations previously unaddressed by either civil Ethics Commission proceedings or state criminal prosecution.
The court finds that the defendant has failed to make the threshold showing that he is being prosecuted twice for the same criminal act. In light of this fact, it is unnecessary for the court to address the issue of whether the Ethics Commission's fine constitutes "punishment" within the meaning of the Double Jeopardy Clause.
For the foregoing reasons, the defendant's motion to dismiss is denied.
Counsel for the State shall present an order for entry in accordance with this decision.
Evidence concerning the award of architectural and engineering contracts may be considered against both defendants while evidence concerning the award of leasing contracts is admissible solely against defendant Edward D. DiPrete. The defendant's concerns about confusion resulting from the introduction of evidence relating to pre-1988 acts are similarly unavailing. Evidence of those acts is admissible to show the existence of the conspiracy, regardless of whether the defendant was a member of it at the time. United States v. O'Campo,973 F.2d 1015, 1022-23 (1st Cir. 1992.) In any event, here again a limiting instruction, if warranted, can readily cure any possible juror confusion.
Defendant's argument of prejudice due to the delay occasioned by codefendant counsel's health is equally unpersuasive. A continuance of from eight to ten weeks when balanced against the prospect of two trials of an estimated six to eight weeks duration and judicial resources to be committed makes no economic sense. The defendant has not objectively made out a case against the continuance due to an impairment of his ability to effectively defend against the charges amounting to substantial prejudice.
For the foregoing reasons defendant's motion to sever is denied.
Counsel for the State shall present an order for entry in accordance with this decision.